999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary SHIPP, Plaintiff-Appellant,
v.
MADERA COUNTY; California Department of Motor Vehicles; et
al., Defendants-Appellees.
 No. 91-16899.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1993.
Decided July 23, 1993.
 
 Before GOODWIN, HUG and FLETCHER, Circuit Judges.
 
 
 1
 Gary Shipp appeals the district court's decision to set aside a jury verdict and grant a directed verdict in favor of the County of Madera. Shipp asserts that the evidence presented at trial demonstrates that the Madera County Department of Corrections' ("DOC") policies and procedures resulted in his being denied a religious diet.
 
 
 2
 The district court's jurisdiction was based upon 28 U.S.C. § 1331. We exercise jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.
 
 
 3
 We review the district court's grant of a directed verdict de novo. Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992). We consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992). A directed verdict is proper when the evidence "reasonably can support only a verdict for the moving party." Gillette, 979 F.2d at 1346. A directed verdict is inappropriate where there is substantial evidence supporting a verdict for the nonmoving party. See The Jeanery, Inc. v. James Jeans, Inc., 849 F.2d 1148, 1151 (9th Cir.1988). We reverse.
 
 I.
 
 4
 In order to prevail, Shipp was required to satisfy either the test for liability under 42 U.S.C. § 1983 articulated by the Supreme Court in Monell v. Department of Social Servs., 436 U.S. 658 (1978), or the test set out in Pembaur v. City of Cincinnati, 475 U.S. 469 (1986). Specifically, Shipp had to prove that the execution of a Madera County DOC policy or custom, whether made by County lawmakers or by those whose edicts or acts may fairly be said to represent official policy, deprived him of a religious diet. See Monell, 436 U.S. at 694. In the alternative, Shipp had to prove that the official or officials responsible for establishing final policy concerning religious diets for the Madera County DOC made a deliberate choice among various alternatives to follow a course of action that deprived him of a religious diet. See Pembaur, 475 U.S. at 483-84.
 
 
 5
 The County admits in its brief that "Al Hahn was the Director and was the de facto policy-making officer for the Madera Department of Corrections." We are thus concerned with a Pembaur situation. The question then becomes whether viewing the evidence in the light most favorable to Shipp and drawing all reasonable inferences in favor of Shipp, the evidence could reasonably support only a verdict in favor of the County. There was considerable evidence that both Director Hahn and Chaplain Callicott were informed by Shipp and his wife of his religious dietary requirements. The jury could reasonably have found that Director Hahn's policy was not to provide religious diets at all or not to provide religious diets to particular prisoners whose needs were not patterned after mainstream religions. The evidence also could have supported a finding that his policy of providing religious diets was deliberately ignored in Shipp's case.
 
 
 6
 Because there was adequate evidence to support the jury verdict, we reverse the order of the district court setting aside the verdict and remand for entry of judgment on the verdict.
 
 
 7
 REVERSED and REMANDED.
 
 
 8
 ---------------
 
 
 
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.